<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

_____

|  |  |  |
|---|---|---|
| CHUKWUMA E. AZUBUKO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 04-1873 (GEB) |
| v. | ) | |
| | ) | **ORDER** |
| ABELLA MUTUAL INSURANCE | ) | |
| COMPANY, and E.D. FAIR INSURANCE | ) | |
| AGENCY, | ) | |
| | ) | |
| Defendants. | ) | |

_____ )

### BROWN, Chief Judge

This matter comes before the Court on *pro se* Plaintiff Chukwuma E. Azubuko's ("Plaintiff") motion for reconsideration (Doc. No. 20) of this Court's denial of Plaintiff's motion for relief from judgment (Doc. No. 17).  For the reasons that follow, this Court denies Plaintiff's motion for reconsideration.

On April 29, 2004, this Court dismissed Plaintiff's complaint for lack of subject matter jurisdiction (Doc. No. 4) and on February 14, 2006 denied Plaintiff's motions seeking reconsideration of that Order (Doc. No. 12).  On September 13, 2006, the Third Circuit dismissed Plaintiff's appeal for failure to timely prosecute.  (Doc. No. 16).  On or about April 5, 2011, Plaintiff filed a motion for relief from judgment or order pursuant to Federal Rule of Civil Procedure 60(b), which the Court denied on July 27, 2011. (Doc. Nos. 17, 19).  Plaintiff filed the instant motion for reconsideration on August 3, 2011 (Doc. No. 20).

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration and states in pertinent part that:

> a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

Further, the Third Circuit has made clear that motions for reconsideration should only be granted in three situations: (1) when an intervening change in controlling law has occurred; (2) when new evidence becomes available; or (3) when reconsideration is necessary to correct a clear error of law, or to prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). If none of these three bases for reconsideration is established, "the parties should not be permitted to reargue previous rulings made in the case." *Oritani Sav. & Loan Ass'n. v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Further, "[b]ecause reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'sparingly.'" *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996), *quoting Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986).

Applying this standard to Plaintiff's motion, reconsideration of the Court's July 27, 2011 Order denying Plaintiff's motion for relief from judgment will be denied. Though Plaintiff nominally appears to assert that there was a clear error of law or manifest injustice, Plaintiff presents no coherent argument to justify granting the underlying motion for relief from judgment brought more than five years after the Court's dismissal of the action. Accordingly, the Court having decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78,

IT IS THIS     8th     day of September, 2011, hereby

ORDERED that Plaintiff's motion for reconsideration (Doc. No. 20) is DENIED.


                                                        s/ Garrett E. Brown, Jr.
                                                  GARRETT E. BROWN, JR., U.S.D.J.